## IN RE MERRILL.

PATENTS; PROCESS CLAIMS; PATENTABILITY; NOVELTY.

1. Patentability will often be presumed from the fact that a device, although apparently disclosing but the mere exercise of mechanical skill, produces a result long sought after, but for the first time attained; to do so, however, this court will not, in the face of the adverse decisions of the experts of the Patent Office, assume an expert knowledge of the art, based alone upon the unsupported statements in counsel's brief.

2. Claims for a process of treating solid or semi-solid material in the containers of filter presses, and for removing the same therefrom, which specify that a space is left between the layers of material, instead of allowing them to form a solid cake, and also that the layers are to be subjected to a pressure from behind the filter cloths, thereby causing the deposit to fall to the bottom of the container to be sluiced off, discloses nothing new over the prior art which discloses the same features, and over which the present claims are an alleged improvement.

3. While it is true that the combination of old steps to produce a new result amounts to invention, yet where the various steps of a process

produce but a combination of known results, there is no invention, but mere aggregation.

### On Rehearing.

4. Before affidavits in support of patentability, filed pending an appeal to the Commissioner of Patents, can be considered by the Commissioner under rule 141 of the patent office, the case must be remanded to the primary examiner.

5. This court will not, on appeal from a decision of the Commissioner of Patents, consider affidavits in support of patentability, which the Commissioner refused to entertain under rule 141 of the Patent Office because filed pending an appeal to him from the decision of the primary examiner.

No. 791.  Patent Appeals.  Submitted November 14, 1912.  Decided December 30, 1912.  Submitted on Reargument, November 10, 1913.  Decided January 5, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting an application for a patent.  *Affirmed.*

.The facts are stated in the opinion.

*Mr. Eugene A. Byrnes, Mr. J. H. Brickenstein,* and *Mr. Archibald Cox* for the appellant.

*Mr. W. R. Ballard* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents, refusing to grant appellant a patent for his "process for treating semi-solid material in the containers of filter presses and removing the same."

The rejected claims are eight in number, and are sufficiently illustrated by the following:

"1. The hereinbefore described method of treating in and removing solid or semi-solid material from the containers of pressure filters consisting in depositing a sufficient amount of said material in layers of suitable thickness upon the filter cloths which form the closure of the containers, so that a space is left

between the layers, then subjecting the layers to the pressure of a liquid, vapor, or gas acting from behind the filter cloths, whereby the same are caused to fall to the bottom of the container and then forcing said material out of the containers by the impingement of a stream of liquid, vapor, or gas under pressure acting from below upwardly upon the contents of said containers."

"6. The hereinbefore described method of treating in and removing solid or semi-solid material from the containers of pressure filters consisting in depositing the same in thin layers upon the filter cloths which form the closure of the filters, so that a space is left between the layers, then subjecting the layers to any desired metallurgical treatment, subjecting the material during the deposition and treatment to continuous pressure upon the layers, and then opening the gates of the containers and finally subjecting the layers to the pressure of liquid, vapor, or gas acting from behind the filter cloths whereby the same are discharged from the pressure filter through said bottom outlet gates of the containers."

Appellant's process is for the purpose of extracting gold from ore slime by what is known as the cyanide process. He accomplishes this by the use of a filter press, which consists of a series of boxes or containers closed at their ends by filter cloths. The ore slime is introduced into a container, after which a stream of washing fluid is injected directly into the box in such a manner that the slime is forced against the opposite filter cloths, the liquid containing the gold in solution passing through, and the solid or semi-solid material remaining on the cloths. Before the two layers of deposit on the opposite filter cloths meet to form a solid cake, appellant forces streams of liquid against the backs of the cloths, thus loosening the layers and causing them to fall to the bottom of the container, where they are sluiced off by the impingement of a movable stream of liquid.

A prior patent of appellant's was cited as a reference in this case. In that patent a similar process is disclosed, except that, in the former invention, the washing fluid is introduced behind the filter cloths, instead of directly into the container. It also differs from the present apparatus in that it fails to disclose the

forcing of liquid against the backs of the filter cloths for the purpose of loosening the deposits thereon. This feature, however, is disclosed in a patent to one Thompson.

Counsel for appellant in their brief, which is a very able one, claim that his two processes accomplish entirely different results, in that each is adapted to the treatment of different kinds of slimes. It is urged that appellant's patent and all of the earlier devices are for the purpose of treating slimes of a sandy nature; that, in those processes, in order to obtain the resistance necessary to cause the washing fluid to percolate through the whole mass, the box must be completely filled with the slime; that this method could not be applied to slimes of a clayey nature, since the washing fluid would not percolate through the solid cake that would thus be formed; that by introducing the washing fluid directly into the container a layer of nonfilterable material was formed on each filter cloth, which could be forced off by the back pressure before it became of such thickness as to prevent the washing fluid from freely passing through it, thus allowing of the treatment of the clayey slimes, and that, before appellant's present process, the gold contained in such slimes was lost to the world.

It is true that patentability will often be presumed from the fact that a device, although apparently disclosing but the mere exercise of mechanical skill, produces a result long sought after, but for the first time attained. In this case, however, the statements in support of that contention in the brief are not supported by affidavits of experts or even by sworn statements of the inventor in his application. Appellant in his patent does not confine himself to treating any particular form of ore slime. It can be construed, therefore, to embrace both clayey and sandy slimes. Counsel attempt to meet this discrepancy with the statement that the treatment of slimes of a clayey nature was unknown to the prior art. But the present application, in distinguishing the present process from that disclosed in appellant's patent, states that it is an improvement over the patented process, but does not clearly point out in what the improvement consists. Neither does appellant state that it is for an entirely

different purpose,—the treatment of slimes of a clayey nature, instead of those of a sandy nature. Counsel ask us to find this from the description of the respective methods. To do this, we must assume an expert knowledge of this art, based alone upon the unsupported statements in counsel's brief, in the face of the adverse decisions of the experts of the Patent Office.

Appellant urges that claims 1 to 5, inclusive, of which claim 1 is a fair example, differ from the prior art in two particulars, first, in that a space is left between the layers, instead of allowing them to form a solid cake; and, second, in subjecting the layers to a pressure from behind, causing the deposit to fall to the bottom of the container where it is sluiced off. We agree with the tribunals of the Patent Office in holding that there is nothing in appellant's patent to show that the deposit is intended to form a solid cake within the container, and further that, since the Thompson patent discloses the back pressure for the purpose of loosening the deposit, it is absolutely essential to the operation of his device that the pressure be applied before the layers on the opposite filter cloths unite to form a solid cake.

Claims 6, 7, and 8 add to the process defined in the claims just considered the further step of metallurgically treating the material. This treatment is fully disclosed in appellant's patent. While it is true that the combination of old steps to produce a new result amounts to invention, yet in this case, so far as we are advised by the record, the various steps of the process produce but a combination of known results. This is mere aggregation, and not invention.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as required by law.                                    *Affirmed.*

A motion for a reargument was granted and the cause resubmitted November 10, 1913. On January 5, 1914, Mr. Justice VAN ORSDEL delivered the opinion of the Court:

On motion this case was assigned for reargument. The rehearing has developed nothing new. Upon further examination it appears that the affidavits in the record in support of patent-

ability were filed by appellant Charles W. Merrill while the case was pending on appeal before the Commissioner. This undoubtedly accounts for the Commissioner's action in ignoring them in his opinion. Before they could be considered under rule 141 of the Patent Office, the case would have to be remanded to the primary examiner. This was not done, which was equivalent to a refusal by the Commissioner to permit appellant to file the affidavits. Not having been properly presented to the Commissioner, or entertained by him, they will not be considered here. We therefore find no reason to change or modify our former opinion, which will be certified by the clerk as therein ordered.